CITY OF ATLANTIC CITY, PROSECUTOR, v. MICHAEL SANTANGELO, PETITIONER-DEFENDANT.

Submitted January 18, 1943—Decided March 26, 1943.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and PORTER.

For the prosecutor, *Samuel Backer*.

For the defendant, *Stephen A. Damico*.

The opinion of the court was delivered by

PARKER, J. The petitioner claimed to have sustained an inguinal hernia arising out of and in the course of his employ-

ment. The proofs indicate that on Friday, June 27th, 1941, while lifting down a bag of cement weighing 96 pounds, he felt a sudden pain, ceased the work that he was doing, rested awhile, did a little light work until quitting time, walked home, reported for work the next day, which was a Saturday, quit at noon, the regular quitting time, walked to the hospital between one and two o'clock, was examined by Dr. Gordon, the interne, when his turn came and the trouble was diagnosed as "potential hernia." He walked home. On Monday he walked to his job, did some light work, sweeping, &c. He stayed at and near his home, but was not confined to bed, until August 7th, when he walked to the hospital, had an operation for inguinal hernia and was later discharged as recovered.

The statute applicable is of course paragraph x of the act of 1919 (*Pamph. L.*, at *p.* 204), as amended and now paragraph x of *R. S.* 34:15-12. It is reproduced in full in the opinion of the Court of Errors and Appeals in *Prino* v. *Austin Co.*, 121 *N. J. L.* 518 (at *p.* 519), and need not be repeated here. The present case is not one of the "application of force directly to the abdominal wall." The petition makes no such claim: nor does the bill of particulars served in response to demand: nor does the written statement introduced in evidence before the deputy commissioner, marked *Exhibit R-1*. On the contrary, it reads: "I did not strike the bag against my groin in any way." These facts are quite sufficient to require the conclusion that there was not a "real traumatic hernia resulting from the application of force to the abdominal wall, either puncturing or tearing the wall;" and that the present case is in the second class, requiring conclusive proof of the "five points" stated in the statute. As to this phase of the matter, it is sufficient to say that there was not only no such proof that "the descent of the hernia immediately followed the cause;" but on the contrary, the evidence seems to show satisfactorily that there was no "descent" for several days after June 27th, when the alleged "accident" occurred.

The judgment of the Common Pleas, and the award of the Bureau, will accordingly be set aside.